UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MESUT GUNGOR AND YOUSSEF CHEHAB,

                *Plaintiffs*,

     -against-

MK RESTAURANTS LLC, MELBEN, INC.,     **COMPLAINT**
SAID SALIM YAKOUB and MOHAMMED EL    **JURY DEMANDED**
MEKKI KARRAKCHOU.

              *Defendants*.
---------------------------------------------------------X    **ECF Case**

Plaintiffs MESUT GUNGOR and YOUSSEF CHEHAB (collectively, "Plaintiffs"), by and through their attorney, Colin Mulholland, Esq., and as against MK RESTAURANTS LLC, MELBEN, INC., (together "Defendant Corporations"), SAID SALIM YAKOUB and MOHAMMED EL MEKKI KARRAKCHOU, allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs are former employees of defendants MK RESTAURANTS LLC, MELBEN, INC., SAID SALIM YAKOUB and MOHAMMED EL MEKKI KARRAKCHOU (collectively "Defendants").

1. Defendants own, operate, or control a restaurant located at 15 W. 8th Street New York, NY 10011 under the name "Mekki NYC".

2. Individual defendant MOHAMMED EL MEKKI KARRAKCHOU serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as joint or unified enterprises.

3. Individual defendant SAID SALIM YAKOUB serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as joint or unified enterprises.

4. Plaintiffs were employed as hospitality workers – Plaintiff Gungor primarily served as a bartender while Plaintiff Chehab primarily served as a porter/server.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiffs now bring this action on behalf of themselves for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate their restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

12. Plaintiff MESUT GUNGOR is an adult individual residing in Queens County, New York.  Plaintiff Gungor was employed by Defendants from approximately February 2018 until on or about January 2019.

13. Plaintiff YOUSSEF CHEHAB is an adult individual residing in Staten Island, New York. Plaintiff Chehab was employed by Defendants from approximately November 29th, 2018 until on or about February 7th, 2019.

14. At all relevant times, Defendants own, operate, or control Mekki NYC at 15 W. 8th Street New York, NY.

15. Upon information and belief, MK RESTAURANTS LLC is a foreign corporation organized and existing under the laws of the State of Virginia that is registered to conduct business in the State of New York.

16. Upon information and belief, it maintains its principal place of business in NY County.

17. Upon information and belief, MELBEN, INC. is a foreign corporation organized and existing under the laws of the District of Columbia and it conducts a substantial amount of business in NY such as issuing payroll payments on behalf of Mekki NYC.

18.     Defendant MOHAMMED EL MEKKI KARRAKCHOU is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant MOHAMMED EL MEKKI KARRAKCHOU is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations.  Defendant MOHAMMED EL MEKKI KARRAKCHOU possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and had to power to establish the schedules of the employees, maintained employee records, issued and controlled payments to the Plaintiffs and had the authority to hire and fire employees.

19.     Defendant SAID SALIM YAKOUB is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant SAID SALIM YAKOUB is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations.  Defendant SAID SALIM YAKOUB possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations.  He had the power to determine the wages and compensation of the employees of Defendants, including Plaintiffs, and the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate Mekki NYC located in Manhattan.

21.     The individual defendant MOHAMMED EL MEKKI KARRAKCHOU, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

22. The individual defendant SAID SALIM YAKOUB, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

25. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiffs.

27. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

28. In each year from 2018 to August 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, Defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that were used in both restaurants on a daily basis were goods produced outside of the State of New York and Plaintiff processed credit card payments from customers in the execution of payments to Defendants' restaurant.

*Plaintiff Mesut Gungor*

30.     Plaintiff Gungor was employed by Defendants from approximately February 2018 until on or about January 2019.

31.     Plaintiff Gungor regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York along with processing credit card payments.

32.     Plaintiff Gungor' work duties required neither discretion nor independent judgment.

33.     From approximately February 2018 until approximately April 2018, Plaintiff Gungor typically worked four (4) days a week with his shifts typically beginning at approximately 3:00 PM until 12:00 PM 1x or 2x a week, or ending at approximately 2:00 A.M 2x to 3x per week. (Typically between 36 and 46 hours per week) .

34.     From approximately May 2018 until on or about January 2019, Plaintiff Gungor worked shifts that started at approximately 3:00 p.m. until on or about 12:00 PM 2x to 3x per week and shifts from 3:00 p.m. until on or about 2:00 a.m. 2x to 3x per week. Plaintiff Gungor would typically work between five (5) to six (6) days a week (typically between 50-65 hours per week).

35.     Plaintiff Gungor did take five weeks of vacation during his employ.

36.      Plaintiff Gungor was paid his wages by check.

37.     Defendants paid Plaintiff Gungor $10.00 per hour for his hours worked with no premium for hours worked over 40 in a week and no spread of hours pay.

38.     From time to time, Plaintiff Gungor was paid a fixed $150.00 day rate for helping with certain closing tasks.

39.     Defendants infrequently granted Plaintiff Gungor any break or meal period of any

kind and he was often required to work during his break period.

40. Plaintiff Gungor was never notified by Defendants that his tips were being included as an offset for wages.

41. Plaintiff Gungor spent more than 2 hours or 20% of his shift time performing non-tipped duties.

42. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Gungor' wages.

43. Plaintiff Gungor did utilize a time keeping device.

44. Defendants entirely failed to pay Plaintiff Gungor for ten (10) to twelve (12) pay periods between October 2018 and January 2019.

45. Defendants did not provide Plaintiff Gungor with an accurate statement of wages with each payment of wages and hours worked, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Gungor, in English and in Turkish (Plaintiff Gungor's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Youssef Chehab*

47. Plaintiff Chehab was employed by Defendants from approximately November 29th, 2018 to approx. February 7th, 2019.

48. Defendants ostensibly employed Plaintiff Chehab as a bus person and server.

49. However, Plaintiff Chehab was also required to spend a significant portion of his work day performing the non-tipped duties.

50. Plaintiff Chehab regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York and processed credit card payments for customers.

51. Plaintiff Chehab's work duties required neither discretion nor independent judgment.

52. From approximately November 29th, 2018 until on or about February 7th, 2019, Plaintiff Chehab worked typically between five (5) to seven (7) days a week with a shift that began on approximately 3:00 p.m. and ended, depending on the requirements of the shift, at approx. 10:30 p.m. 2x-3x a week, approx. 12:30 a.m. 2x-3x a week and approx. 2:30 a.m. 2x-3x a week. (typically, approx. 40-66 hours per week).

53. Plaintiff Chehab typically worked shifts in excess of 10 hours in a single 24-hour period 3-4 times a week.

54. Plaintiff Chehab was paid his wages by check.

55. Defendants paid Plaintiff Chehab $12.00 per hour with no provision of extra pay for overtime or spread of hours pay.

56. Defendants infrequently granted Plaintiff Chehab a break or meal period of any kind and often requirement him to work through his breaks.

57. Plaintiff Chehab was never notified by Defendants that his tips were being included as an offset for wages.

58. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Chehab's wages.

59. Defendant failed to pay Plaintiff Chehab at all for his work after February 4th, 2019.

60. Plaintiff Chehab did utilize a time tracking device.

61. Defendants did not provide Plaintiff Chehab with an accurate statement of hours and wages with each payment of wages, as required by NYLL 195(3).

62. No notification, either in the form of posted notices or other means, was given to Plaintiff Chehab regarding overtime and wages under the FLSA and NYLL.

63. Defendants did not give any notice to Plaintiff Chehab, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

64. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

65. Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

66. Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

67. Defendants habitually required some Plaintiffs to work additional time beyond their regular shifts but did not provide them with any additional compensation.

68. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69. Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

70. Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

71. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

73. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

76. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

78. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80. Plaintiffs were individually covered by the FLSA by their participation in interstate commerce.

81. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

82. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiffs were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86. Plaintiffs were individually covered by the FLSA by their participation in interstate commerce.

87. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88. Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

89. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

91. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

92. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

93. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

94. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

98. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a).

100. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

101. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

102. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103. Defendants failed to provide Plaintiffs with a written notice, in English and in Plaintiffs' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

104. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

105. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

106. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

107. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs

(d) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(k)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 15th, 2019

                                          LAW OFFICES OF COLIN MULHOLLAND

By:    /s/ Colin Mulholland, Esq.
        Colin Mulholland, Esq.
        369 Lexington Ave
        Ste #396
        New York, NY 10017
        Tel: (347) 687-2019
        Email: cmulhollandesq@gmail.com